```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT

Doreen Clark,                      :
         Plaintiff,                :
                                   :
     v.                            :    File No. 1:05-CV-266
                                   :
State of Vermont, United           :
States Marshals Service,           :
and Federal Bureau of              :
Investigation,                     :
         Defendants.               :
```

<u>OPINION AND ORDER</u>
(Papers 5, 7, 11, 12, 13, 14 and 31)

Plaintiff Doreen Clark initiated this action in state court, alleging that the defendants have placed a computer chip in her brain, subjected her to brainwashing sessions, made attempts on her life, and investigated her in violation of her rights.  The United States Marshals Service and the Federal Bureau of Investigation ("FBI") (collectively "Federal Defendants") removed Clark's suit to this Court (Paper 1) and have filed a motion to dismiss (Paper 7).  Clark recently filed a motion seeking to withdraw her claims against the Federal Defendants, and to substitute as defendants a man who drives a truck with "Everything Link" written on the side and an unnamed Sheriff.  (Paper 12).  The Court construes this motion as a motion to amend the complaint.  For the reasons set forth below, the Federal Defendants' motion to dismiss is GRANTED, the claims against the State of Vermont are DISMISSED

*sua sponte*, and the motion to amend the complaint is DENIED. All remaining motions are DENIED as moot.

## Factual and Procedural Background

In her state court filings, Clark alleged that the FBI placed a computer chip in her brain through which the government can read her mind and administer electric shocks. She also claimed that she was brainwashed, and that the defendants tried to "overdose" her with ethanol. Clark further alleged that a parasite penetrated her brain causing her great pain, and that the defendants used items in her home, such as her hair dryer, pens and lights, to transmit electric shocks and control her thoughts.

Clark's state court complaint also claimed that she is being investigated by the government. "This investigation was reported to the Attorney General's Office. They are allowing this abuse by leaving this investigation going. There are obviously some very sick people here and they need extensive counseling." (Paper 16 at 12). The complaint further alleged that the defendants tried to give Clark terminal cancer, and that a local radio station was monitoring her car. Clark concluded her complaint by stating that "they hate me" and that her life is in danger. Id. at 14-15.

The Federal Defendants filed a notice of removal on October 3, 2005. On October 19, 2005, Clark moved for an

emergency hearing, stating that she has been receiving "bomb threats and anthrax threats" and that the Court should not give "these people more time to hunt, stalk, and abuse me." (Paper 5 at 1).  On October 20, 2005, the Federal Defendants moved to dismiss, arguing (1) that Clark has failed to file an administrative claim under the Federal Tort Claims Act, (2) that constitutional claims cannot be brought against the United States, and (3) that the action is clearly frivolous. (Paper 7).

On October 31, 2005, Clark sent a letter to the Court stating that she was withdrawing her claims against the Federal Defendants, and that she wished to add as parties "Everything Link" and "Sherrif [sic]".  (Paper 12).  In an attachment to her letter, Clark explained that she was being abused by "a Sherrif [sic] name unknown . . . and also another man who drives a truck/white, with the logo 'everything Link' painted on it."  (Paper 12-2 at 1).  The complaints of abuse by these proposed defendants are similar to the complaints alleged against the original defendants in Clark's state court complaint.  Specifically, Clark alleges that the proposed defendants have placed a microchip in her food, have tried to "fry my brain" electronically, and have brainwashed her.  She also claims that they have poisoned her with ethanol, and are abusing her by means of electricity, radiation, and magnetic

3

fields.  Clark has also moved the Court to revoke the unnamed Sheriff's authority to conduct investigations  (Paper 13), and to issue a search warrant for documents relating to all investigations conducted by this Sheriff (Paper 14).[1]

## Discussion

A complaint may be dismissed when amendment of the complaint would be futile or when the substance of the claim pleaded is frivolous on its face.  See Oneida Indian Nation of New York v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).  An action is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'"  Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).  Moreover, the district court has inherent authority to dismiss frivolous actions *sua sponte*.  Fitzgerald v. First East Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000).

While this Court is well aware that *pro se* complaints must be read liberally, see McEachin v. McGuinnis, 357 F.3d

---

[1] Still pending from the state court proceeding is a motion to quash subpoena filed by a person who is not a party to this suit.  (Paper 31).  Because this action is being dismissed, the motion to quash is GRANTED.

197, 200 (2d Cir. 2004), and that leave to amend such complaints must be granted if "a liberal reading of the complaint gives any indication that a valid claim might be stated," see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000), Clark's claims are clearly frivolous.  Indeed, her claims of poisonings, electric shock, brainwashing and other alleged abuses appear to be the product of "delusion or fantasy."  Nance, 912 F.2d at 606.  For these reasons alone, her claims must be DISMISSED.

Furthermore, Clark has notified the Court that she wishes to withdraw her claims against the Federal Defendants.  Accordingly, the Federal Defendants' motion to dismiss Clark's claims as frivolous is GRANTED, and the claims against those Defendants are DISMISSED.

The third defendant in Clark's initial complaint is the State of Vermont.  The Eleventh Amendment to the United States Constitution bars suit against the State of Vermont in federal court.  Indeed, the United States Supreme Court "has consistently held that an unconsenting State is immune from suits brought in federal courts . . . ."  Burnette v. Carothers, 192 F.3d 52, 57 (2d Cir. 1999), cert. denied, 531 U.S. 1052 (2000) (quoting Edelman v. Jordan, 415 U.S. 651, 662-63 (1974)).  Moreover, because a finding of Eleventh Amendment immunity deprives a federal court of jurisdiction,

see <u>Kimel v. Fla. Bd. of Regents</u>, 528 U.S. 62, 73 (2000), Eleventh Amendment immunity may be raised *sua sponte*. <u>See Atlantic Healthcare Benefits Trust v. Googins</u>, 2 F.3d 1, 4 (2d Cir.1993), <u>cert. denied</u>, 510 U.S. 1043 (1994).

Although Clark did not initiate this case in federal court, the State of Vermont is, nonetheless, here involuntarily since it was the Federal Defendants who removed the case from state court. In such a circumstance, immunity under the Eleventh Amendment applies, and this Court has no jurisdiction to hear claims against the State of Vermont. <u>See Lapides v. Bd. of Regents of Univ. Sys. of Ga.</u>, 535 U.S. 613, 622 (2002). The claims against the State of Vermont are, therefore, DISMISSED.

Finally, Clark's request that her complaint be amended to add two new defendants is DENIED as futile, since her claims against these proposed defendants are nearly identical to those initially alleged and which the Court has determined are frivolous. <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962). Furthermore, given the nature of Clark's claims, any additional amendments of the complaint would be equally futile. <u>Oneida</u>, 337 F.3d at 168.

## <u>Conclusion</u>

For the reasons set forth above, the Federal Defendants' motion to dismiss (Paper 7) is GRANTED and the claims against

them DISMISSED.  The claims against the State of Vermont are also DISMISSED.  Clark's motion to amend her complaint (Paper 12) is DENIED, the motion to quash subpoena (Paper 31) is GRANTED, and all remaining motions (Papers 5, 11, 13 and 14) are DENIED as moot.

    Dated at Brattleboro, in the District of Vermont, this 21st day of November, 2005.

                                        /s/ J. Garvan Murtha
                                        J. Garvan Murtha
                                        United States District Judge